

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2005

# Awala v. Wachovia Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3381

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Awala v. Wachovia Corp" (2005). *2005 Decisions.* Paper 135.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/135

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-58                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3381

GBEKE MICHAEL AWALA, et al.
and the People of American-Nigerian-American
Development Foundation

v.

WACHOVIA CORP.; BANK CHARLESTON (SC), PREDECESSOR;
GEORGIA RAILROAD AND BANK CO. (Owned Slaves Before The Civil War)

GBEKE MICHAEL AWALA,

Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-02923)
District Judge: Honorable Ronald L. Buckwalter

_____

Submitted Under 28 U.S.C. § 1915(e)(2)(B)

Before:  BARRY, SMITH  and NYGAARD, CIRCUIT JUDGES
November 23, 2005

(Filed :   December 8, 2005)
_____

OPINION
_____

PER CURIAM

On June 20, 2005, Gbeke M. Awala filed a complaint under 42 U.S.C. § 1983

against Wachovia Bank and its predecessors seeking monetary damages for what appears to be the ownership and use of African-American slaves in the nineteenth century. He also claims to represent other individuals and groups, but none have entered an appearance, and it is unclear whether the groups even exist. The District Court dismissed the complaint as frivolous because Awala failed to allege that the Defendants were acting under the color of state law and failed to establish standing to sue.

We have jurisdiction under 28 U.S.C. § 1291. We will dismiss an appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) when it is lacking in arguable legal merit. We exercise plenary review over the dismissal of a complaint under § 1915(e). Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Awala's filings are confused and convoluted. He appears to argue that the Defendant Banks are state actors because they operate as banks, a regulated industry, and trade in government bonds. Neither of these activities constitutes state action, either direct or delegated. See Reichley v. Penn. Dep't of Agric., 427 F.3d 236, 244-45 (3d Cir. 2005); Biener v. Calio, 361 F.3d 206, 216-17 (3d Cir. 2004).

We agree with the District Court that the Defendants are not state actors. Accordingly, the appeal will be dismissed under § 1915(e).

2